## STATE v HOLT

Ohio Appeals, 2nd Dist, Franklin Co

No 2855. Decided March 21, 1938

Ralph J. Bartlett, Prosecuting Attorney, Columbus, and Daniel S. Webber, Columbus, and Henry L. Holden, Asst. Pros., Columbus, for appellees.

Fred W. Postle, Columbus, for appellant.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined through defendant's appeal on question of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

At the April term, 1937, to-wit, June 24, 1937, by the consideration and action of the grand jury in and for Franklin County, Ohio, the defendant, David Holt, was indicted for the offense of shooting with intent to wound. The charge contained in the indictment, omitting the formal parts in the words and figures following:

"that David Holt, late of said county, on or about the 30th day of May in the year of our Lord 1937 within the county of Franklin aforesaid, maliciously shot Bernard Shoaf, with intent to wound him."

The section of the Code under which the indictment was returned was in the words and figures following:

"Sec 12420 GC. Shooting, cutting or stabbing with intent to kill, etc. Whoever maliciously shoots, stabs, cuts, or shoots at another person with intent to kill, wound or maim such person, shall be imprisoned in the penitentiary not less than one year nor more than twenty years."

Following the return of the indictment, the defendant was arraigned and entered a plea of not guilty.

On September 27, 1937, a jury was impanelled, sworn and the trial proceeded.

During the progress of the trial and before the state had completed its testimony, the prosecuting attorney sought and obtained leave to amend the indictment by adding the word "at" between the words "shot" and "Bernard", so that after the amendment the indictment would read "shot at Bernard Shoaf", instead of "shot Bernard Shoaf."

Following the amendment of the indictment, the defendant, through his counsel, moved the court to instruct the jury to bring in a verdict of acquittal, presumably on the ground of claimed variance, which motion was overruled and exceptions taken by the defendant.

The evidence presented disclosed that Holt fired three shots from a revolver pointed in the direction of Bernard Shoaf, none of which bullets touched the person of Bernard Shoaf or his clothing. The amendment was made over the objection of the defendant, and thereafter his counsel saved his record at all times as to the action of the court in permitting the amendment.

Following the amendment, the trial proceeded and resulted in a verdict of guilty, as charged in the indictment as amended.

Subsequent to the finding of the jury and within three days thereafter, the defendant, David Holt, filed a motion for new trial for error in sustaining the motion of the prosecuting attorney to amend the indictment after the jury had been impaneled and sworn, and for error in refusing to instruct the jury to acquit the defendant,

which motion of the defendant was overruled.

Following the overruling of the motion for a new trial, the court sentenced the defendant, David Holt, to the Ohio State Penitentiary.

On the same day defendant filed notice of appeal on questions of law.

Counsel for the respective parties have filed short but comprehensive briefs.

Defendant has failed to file assignment of errors, as required under Rule 7 of this court. While this is a ground for dismissal of the appeal, this court has not as yet entered dismissals where the claimed errors are readily ascertainable through the briefs. We mention this omission as a guide in future litigation in our court.

The sole and only question presented through appellant's brief is whether or not the trial court committed prejudicial error in permitting the state to amend its indictment by inserting the word "at" in the manner and form heretofore stated.

Counsel for defendant, in support of his position, cites and relies on the case of Mitchell v The State, 42 Oh St 383. In the cited case, the infirmity in the indictment as returned, was identical with the instant case. The indictment returned charged that A did shoot B with intent to kill him, whereas the evidence disclosed that A did unlawfully shoot at B with such intent. The action taken by the court following this disclosure was entirely different.

In the cited case the evidence had already been offered and the cause had been argued before the jury by the prosecuting attorney, and while counsel for Mitchell was addressing the jury in his behalf, the trial court, sui sponte and against the objections of Mitchell and his counsel, made and caused to be entered on the journal, the following order:

"It appearing to the court that a mistake has been made in charging the proper offense in the indictment, the court does discharge the jury without prejudice to the prosecution, to all of which the defendant Mitchell then and there excepted."

At the next term of court, being the January Term of 1884, another indictment was found against Mitchell in precisely the same form except the word "at" follows the word "shot", so that the indictment charged that Mitchell did shoot at Eigensee, instead of charging that he did shoot him.

To the second indictment Mitchell entered a plea in bar, in due form, the form-

er indictment and the proceedings thereon. To this plea, the prosecuting attorney demurred and the court sustained the demurrer, exceptions being saved. Thereafter Mitchell pleaded not guilty, and on his trial at the same term and on the same identical evidence offered on the first trial, the jury returned a verdict that the prisoner was guilty, and thereafter he was sentenced to the penitentiary. Petition in error was duly filed, the sole question raised thereby was as to the sufficiency of the plea in bar.

Syllabus 4 in this reported case gives a comprehensive statement of the state of the record and the law as determined. We quote syllabus 4 in full:

"4. Upon the trial of A, upon indictment under Rev. Stats §6820, in which it is charged that he did shoot B with intent to kill him, where the evidence shows that A did unlawfully shoot at B, with such intent, at the time and place and with a loaded weapon as charged, but that the bullet failed to touch B's person, A may be found guilty of an assault, and punished by fine and imprisonment, under Rev. Stats. §6823; and where, in such case, the court, assuming to act under Rev. Stats. §7803, discharges the jury after the evidence is heard, against the objection of the accused, with a view to a prosecution against him for shooting at B. with intent to kill him, such discharge is a virtual acquittal of A, as to all the matters charged in the indictment."

The Supreme Court entered final judgment and discharged the defendant.

Syllabus 1 in the Mitchall case, supra, is also pertinent to the present inquiry. Syllabus 1 reads as follows:

"1. In this state, neither the common law in relation to crimes, nor the common law distinction between felonies and misdemeanors nor the doctrine of merger in criminal cases, has at any time existed; the accused may be found guilty of the principal offense charged in the indictment, or acquitted thereof and found guilty of any offense in terms or by necessary implication charged in the indictment; the constitutional inhibition against a second trial for the same offense embraces all criminal prosecutions; and the rule is, that the accused is once in jeopardy, when the plea of not guilty is interposed to a valid indictment, and the jury is sworn."

We also quote Syllabus 3:

"3. In the absence of such consent or urgent necessity, if it appear that in fact the same identical act has been charged successively in two valid indictments, upon one of which the accused has been in jeopardy by a trial, and that the evidence necessary to support the second indictment would have been sufficient to prove a legal conviction upon the first, the plea of former jeopardy to the last indictment will be sustained, and ordinarily, otherwise not. Price v The State, 19 Ohio 423, followed and approved."

Price v The State, 19 Ohio 423, cited as followed and approved in Syllabus 3 above, was founded on the following facts:

Price was first indicted for burglary and larceny in breaking and entering the mill of Horace E. Westerhaven. The defendant was tried and acquitted. The second indictment was identical with the first except as to the name of the person whose mill was broken into and entered. In this second indictment, the name was given as Horace B. Westerhaven. In the first it was Horace E. Westerhaven. On the second indictment the defendant pleaded a former acquittal. Defendant's plea set forth the fact that Horace B. Westerhaven was the same person who, in the first indictment, was named Horace E. Westerhaven, and that the burglary and larceny charged in the first indictment was the same burglary and larceny charged in the second. The state demurred to defendant's plea of former acquittal. The demurrer was sustained and defendant required to plead over, and on trial, convicted and sentenced. The Supreme Court affirmed defendant's conviction on the ground that the facts necessary to sustain the second indictment would not have warranted a legal conviction on the first.

Syllabus 3 in the Mitchell case, supra, and the decision in 19 O., supra, raise the query in our mind as to whether or not the Supreme Court's holding in the Mitchell case that Mitchell's plea in bar was sustained, does not, by inference at least, determine that the charge of shooting B, as set out in the first indictment, and the charge of shooting at B, as set out in the second indictment, show, by necessary implication, one and the same offense. It is true that in the opinion of Judge Okey in the Mitchell case, his reasoning is founded on the fact that under the evidence presented in the second case, there could have been returned a verdict of guilty of assault in the first case.

We still have the principle announced in 19 Ohio, supra, affirmed in the Mitchell case, supra, holding that a plea of former jeopardy is only good where the second indictment states the same offense as the first.

May it be said that the syllabus in the Mitchell case, supra, in its principle announced goes beyond the opinion?

While this question is not urged by the prosecuting attorney in his brief, we felt disposed to present the question.

The instant case is to be distinguished from the reported cases in its procedural fact. In the case before us, the state sought obtained and amended the indictment so as to insert the word "at". This procedure is claimed to be authorized under the provisions of §13437-29 GC. The pertinent portion of this section reads as follows:

"Sec 13437-29 GC. May amend indictment, information or bill of particulars. The court may at any time before, during or after the trial amend the indictment, information or bill of particulars, in respect to any defect, imperfection or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."

The remainder of the section gives to a defendant the right of the accused on his motion, to a reasonable continuance under certain conditions, even to the point of a discharge of the jury and reassignment of the case.

It will be noted from the above quoted portion of the section that amendments are permitted in an indictment as to substance, provided no change is made in the name or identity of the crime charged. This section giving the right to amend an indictment, first became a law in the enactment of the new Criminal Code, effective January 21, 1929. So far as we are advised, no similar section existed prior thereto. The present day thought, and even before the enactment of §13437-29 GC, was to recede from the strictness of the early rules relating to variance. It is now the general rule that a variance is not to ██ be regarded as material unless it may prejudice or mislead the defense or expose the accused to the danger of being twice put in jeopardy for the same offense. State v Turnbaugh, 79 Oh St 63.

The Supreme Court had under consideration this section, §13437-29, GC, in the case of Breinig v State, 124 Oh St 39. It was there determined that the section was constitutional. In this Breinig case, supra, the indictment failed to set up the venue.

Under the earlier rule it would have been determined that the indictment charged no offense within the jurisdiction.

The trial court permitted the amendment whereby the venue was stated. The Supreme Court affirmed the judgment.

We also call attention to §13437-25, GC, which must be considered as pari materia with the section permitting █ amendment to-wit, §13437-29 GC. §13437-25 GC is the legislative enactment relative to "variance", and is an amendment of former §13582, GC. The amendment was enacted at the same time as the new Criminal Code and became effective July 21, 1929. We set forth this section in full, and emphasize the portion added through the amendment:

"Sec 13437-25 GC. Variance. When on the trial of an indictment or information, there appears to be a variance between the statement in such indictment or information and the evidence offered in proof thereof, in the Christian name or surname or both or other description of a person therein named or described, or in the name or description of a matter or thing therein named or described, such variance shall not be ground for an acquittal of the defendant, unless the court before which the trial is had, finds that such variance is material to the merits of the case or may be prejudicial to the defendant."

Here again the query arises as to whether or not the amended portion of the above section may or may not be pertinent to the present inquiry.

In the case of Foss v The State of Ohio, 36 Oh Ap 417, in the third syllabus, the court makes the following announcement:

"3. 'Shooting with intent to kill' involves shooting at another with malicious intent to kill or wound such person."

The Court of Appeals of the First District had under consideration §13457-29, GC, in the case of Bryant v The State of Ohio, 48 Oh Ap 209. In the cited case the indictment in its original form charged that the defendant below did unlawfully, purposely and while in the perpetration of a robbery, kill Richard Steffy. The evidence showed that the killing occurred while the accused was attempting to commit a robbery and that the actual robbery was

302

never consummated. The court permitted an amendment to the indictment to conform to the proof. The defendant was convicted and sentenced. Thereafter he carried the case on error proceedings to the Court of Appeals. There the court found no prejudicial error and affirmed the judgment of the trial court.

It is our judgment that shooting at is an included offense under the indictment as originally drafted in the instant case, and that an amendment was not necessary. The gist of the offense is the presence of malice and the intent to kill, wound or maim. The only distinction between the malicious shooting and the malicious shooting at, intent being present in both instances, is the aim of the defendant. Either shooting or shooting at. with the other elements being present, is a crime, and both are punishable under the same penalty. Any individual who maliciously shoots another with intent to kill, wound or maim, first shoots at him. In other words, he first aims pulls the trigger and sends the missile towards the intended victim. Shooting at is just as much an included offense under the indictment charging shooting as is murder in the second degree. manslaughter, assault and battery and assault under an indictment charging murder in the first degree. Each of these is an indictable offense under separate sections. If for no other reason, we are forced to this conclusion under the provisions of §13448-2, GC, which again as now existing was enacted with the new Criminal Code, effective July 21, 1929. and was an amendment to old §13692, GC. We quote the pertinent portion of the above section. The change in this section will be indicated by emphasizing the amended portion.

"Sec 13448-2 GC. Of what degree defendant may be convicted.—The jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such an attempt is an offense at law. When the indictment or information charges an offense including different degrees or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

. The emphasized portion indicating the amendment certainly is applicable to the original indictment in the instant case.

In Ohio Jurisprudence, Volume 21, under subject "Indictment and Information", §148 page 855, will be found interesting and informative text on the subject of included offenses.

In the instant case the state did not rely on the theory that shooting at was an included offense, but on the other hand sought and obtained an order to amend by inserting the word "at". Under our analysis this was nothing more than an amendment in form, but even if construed as an amendment in substance, §13437-29 GC expressly authorized such amendment provided no change is made in the name or identity of the crime charged. We hold that there was no change in name or identity, considered in the light of this section and others cited as being in pari materia and the Ohio cases heretofore referred to.

The judgment of the trial court will be affirmed and the cause remanded for further proceedings according to law.

Costs will be awarded against the appellant.

HORNBECK and GEIGER, JJ, concur.